O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY FLORES, ROBERT BARADA, KEVIN WATSON, VY VAN, RAY LARA, DANE WOOLWINE, RIKIMARU NAKAMURA, CHRISTOPHER WENZEL, CRUZ HERNANDEZ, SHANNON CASILLAS, JAMES JUST, RENE LOPEZ, GILBERT LEE, STEVE RODRIGUES, and ENRIQUE DEANDA,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF SAN GABRIEL, and DOES 1 THROUGH 10, inclusive,<br><br>Defendants. | Case No. CV 12-04884-JGB (JCGx)<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND SUA SPONTE GRANTING DEFENDANT SUMMARY JUDGMENT AS TO LIQUIDATED DAMAGES** |

## I. BACKGROUND

On August 29, 2013, the Court issued an order granting Defendant's motion for partial summary judgment and granting in part Plaintiffs' motion for partial summary judgment (hereinafter "Summary Judgment

1

Order").[1]  (Summ. J. Order (Doc. No. 37).)  In that Order, the Court directed the parties to submit further briefing addressing the issue of liquidated damages. Before the Court is Plaintiffs' supplemental brief on the issue of liquidated damages filed on September 13, 2013 in support of Plaintiffs' motion for partial summary judgment.  (Doc. No. 38.)  Defendant filed an opposition on September 25, 2013.  (Doc. No. 39.)

The Court incorporates by reference the procedural and factual background and the uncontroverted facts as set forth in the Court's Summary Judgment Order. (Summ. J. Order at 1-23.)  For the reasons set forth below, the Court denies Plaintiffs' Motion for Partial Summary Judgment on the issue of liquidated damages. The Court sua sponte enters summary judgment in favor of Defendant and holds that Plaintiffs are not entitled to liquidated damages.

---

[1] Specifically, the Court found the following: (1) Defendant's payments to Plaintiffs made in lieu of benefits are not excludable from the regular rate calculation under section 207(e)(2); (2) the payments made in lieu of benefits are also not excludable under section 207(e)(4); (3) to the extent that Defendant makes contributions under the Plan to third parties, these contributions are excludable under 29 U.S.C. § 207(e)(4); (4) Plaintiffs' claims are governed by a two-year statute of limitations under 29 U.S.C. § 255(a); and (5) Defendant is liable to Plaintiffs for FLSA overtime only to the extent that Plaintiffs worked in excess of 86 hours in a 14-day work period since Defendant implemented a partial overtime exemption pursuant to section 207(k).

## II. LEGAL STANDARD[2]

Federal Rule of Civil Procedure 56 empowers the Court to enter summary judgment on factually unsupported claims or defenses, and thereby "secure the just, speedy and inexpensive determination of every action." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A fact is material when it affects the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Freeman v. Arpaio, 125 F.3d 732, 735 (9th Cir. 1997).

The party moving for summary judgment bears the initial burden of establishing an absence of a genuine issue of material fact. Celotex, 477 U.S. at 323. This burden may be satisfied by either (1) presenting evidence to negate an essential element of the non-moving party's case; or (2) showing that the non-moving party has failed to sufficiently establish an essential element to the non-moving party's case. Id. at 322-23.

---

[2] Unless otherwise noted, all references to "Rule" refer to the Federal Rules of Civil Procedure.

Where the party moving for summary judgment does not bear the burden of proof at trial, it may show that no genuine issue of material fact exists by demonstrating that "there is an absence of evidence to support the non-moving party's case." Id. at 325. The moving party is not required to produce evidence showing the absence of a genuine issue of material fact, nor is it required to offer evidence negating the non-moving party's claim. Lujan v. National Wildlife Fed'n, 497 U.S. 871, 885 (1990); United Steelworkers v. Phelps Dodge Corp., 865 F.2d 1539, 1542 (9th Cir. 1989).

However, where the moving party bears the burden of proof at trial, the moving party must present compelling evidence in order to obtain summary judgment in its favor. United States v. One Residential Property at 8110 E. Mohave, 229 F. Supp. 2d 1046, 1047 (S.D. Cal. 2002) (citing Torres Vargas v. Santiago Cummings, 149 F.3d 29, 35 (1st Cir. 1998) ("The party who has the burden of proof on a dispositive issue cannot attain summary judgment unless the evidence that he provides on that issue is conclusive.")). Failure to meet this burden results in denial of the motion and the Court need not consider the non-moving party's evidence. One Residential Property at 8110 E. Mohave, 229 F. Supp. 2d at 1048.

4

Once the moving party meets the requirements of Rule 56, the burden shifts to the party resisting the motion, who "must set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 256.  The non-moving party does not meet this burden by showing "some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  The United States Supreme Court has held that "[t]he mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient." Anderson, 477 U.S. at 252.  Genuine factual issues must exist that "can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Id. at 250.  When ruling on a summary judgment motion, the Court must examine all the evidence in the light most favorable to the non-moving party. Celotex, 477 U.S. at 325.  The Court cannot engage in credibility determinations, weighing of evidence, or drawing of legitimate inferences from the facts; these functions are for the jury. Anderson, 477 U.S. at 255.  Without specific facts to support the conclusion, a bald assertion of the "ultimate fact" is insufficient.  See Schneider v. TRW, Inc., 938 F.2d 986, 990-91 (9th Cir. 1991).

### III. DISCUSSION

Plaintiffs argue that they are entitled to an award of liquidated damages pursuant to 29 U.S.C. § 216(b) because Defendant failed to meet its burden of establishing that it acted with subjective good faith and had objectively reasonable grounds for believing that its conduct complied with the FLSA. Defendant responds that it has always made a good faith effort to comply with its obligations under the FLSA. In addition, Defendant contends that its determination that the compensation was excludable under section 207(e)(2) was objectively reasonable based on the plain language of that section.

Under section 216(b), an employer who violates section 206 or section 207 of the FLSA is "liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation . . . and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). "These liquidated damages represent compensation, and not a penalty." Local 246 Util. Workers Union of Am. v. S. Cal. Edison Co., 83 F.3d 292, 297 (9th Cir. 1996) (citing Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 707 (1945)). "While section 216(b) is mandatory, it is modified by section 260." EEOC v. First Citizens Bank of Billings, 758 F.2d 397, 403 (9th Cir. 1985).

6

Under 29 U.S.C. § 260, liquidated damages are mandatory unless "the employer shows . . . that the act or omission giving rise to [the violation] was in good faith and that he had reasonable grounds for believing that his act or omission was not in violation of the [FLSA]." 29 U.S.C. § 260; see Local 246, 83 F.3d at 297-298. "This test has both objective and subjective components, asking how a reasonably prudent person would have acted under the same or similar circumstances and requiring that the employer have honesty of intention and no knowledge of circumstances which ought to put him upon inquiry." Alvarez v. IBP, Inc., 339 F.3d 894, 907 (9th Cir. 2003) (internal citations and quotations omitted). "The employer bears the burden of proof to establish this exception." Id. at 907.

First, the Court finds that Defendant has met its burden of establishing that it acted in subjective good faith. Defendant provided evidence that the payroll department works with the human resources personnel to determine whether a particular pay qualifies as premium pay, includable in the regular rate, or a benefit that is excluded from the regular rate calculation. (Linda Tang Dep. 43:13-46:12, May 1, 2013 (Exh. A to Declaration of Alex Y. Wong).) If the human resources department notices or hears of any new ruling, they

notify the payroll department.  (Linda Tang Dep. 46:8-10.)  When the payments made in lieu of benefits were first implemented, Defendant determined that it was a benefit, classified it as a benefit in its system, and did not include it in calculating overtime.  (Linda Tang Dep. 43:17-44:12.)  Therefore, Defendant's evidence shows that it implemented steps to ensure it accurately classified payments to be included in the calculation of the regular rate based on the information available to it at the time of implementation.  Thus, the Court finds that Defendant was not "blindly operat[ing] without making an investigation as to its responsibilities under the law."  Dalheim v. KDFW-TV, 712 F. Supp. 533, 539 (N.D. Tex. 1989).  Given the absence of legal authority addressing whether cash payments made in lieu of benefits must be included in the calculation of regular rate of pay, Defendant had no reason to alter its initial determination.

   Plaintiffs cite the Ninth Circuit decision in Chao v. A-One Med. Services, Inc., 346 F.3d 908 (9th Cir. 2003) to argue that Defendant failed to present facts that it was acting based on some objective authority or that it, at the very least, sought advice on the legality of excluding substantial direct cash-in-lieu of benefits from the regular rate of pay.  However, as Defendant argues, these two methods constitute mere

examples rather than an exhaustive list of acceptable methods for demonstrating good faith. Additionally, in Chao, the court found that the employer's violation of the FLSA was willful. Chao, 346 F.3d at 920. The court in Chao noted that "a finding of good faith is plainly inconsistent with a finding of willfulness." Id. Accordingly, the court's finding of willfulness precluded a finding of that the employer acted in good faith. This case is distinguishable from Chao since the Court here previously found that Defendant's violation was not willful. (Summ. J. Order at 46-47.) Accordingly, the Court finds that Defendant acted with subjective good faith in deciding to exclude the payments made in lieu of benefits from the regular rate calculation.

Second, the Court finds that Defendant had objectively reasonable grounds for believing that its conduct complied with the FLSA. Plaintiffs argue that Defendant's determination was not objectively reasonable since courts have clearly established that payments to employees are not excludable from the regular rate under section 207(e)(2) if they constitute "compensation for work . . . if makes no difference whether the . . . payments are tied to a regular weekly wage or regular hourly wage." (Mot. at 7) (quoting Local 246, 83 F.3d at 296). As noted in the Court's Summary Judgment Order, the Ninth Circuit has not

9

addressed whether payments made to employees out of flexible benefit plans constitute "compensation for work" that must be included in an employee's regular rate for purposes of the FLSA.  (Summ. J. Order at 24-25.)  In addition, while district courts have addressed whether other payments and benefits are excludable from the regular rate calculation, none has addressed the application of section 207(e)(2) to payments made under flexible benefit plans.  Therefore, Defendant did not have knowledge of circumstances which put him upon inquiry that his conduct violated the FLSA.

Based on the uncontroverted facts, the amount an employee may receive as cash in lieu of benefits is not contingent upon the number of hours worked or the employee's productivity.  (Def. SUF, ¶¶ 29-30; Pl. SGD, ¶¶ 29-30.)  With little guidance on the issue, it was reasonable for Defendant to classify its payments under the Flexible Benefit Plan as "payments . . . which are not made as compensation for . . . hours of employment . . ."  29 U.S.C. § 207(e)(2).  Accordingly, the Court finds that Defendant had reasonable grounds for believing that its conduct complied with the FLSA.

Since the Court finds that Defendant acted with subjective good faith and had objectively reasonable grounds for believing that its exclusion of payments made in lieu of benefits under the plan was not a

violation of the FLSA, the Court finds that Plaintiffs are not entitled to liquidated damages under 29 U.S.C. § 216(b).  See Portsmouth Square Inc. v. Shareholders Protective Comm., 770 F.2d 866, 869 (9th Cir. 1985) (citation omitted) ("[S]ua sponte summary judgment is appropriate where one party moves for summary judgment and, after the hearing, it appears from all the evidence presented that there is no genuine issue of material fact and the *non-moving* party is entitled to judgment as a matter of law.").

**IV. CONCLUSION**

For the reasons set forth above, the Court denies Plaintiffs' Motion for Partial Summary Judgment on the issue of liquidated damages.  The Court sua sponte enters summary judgment in favor of Defendant and holds that Plaintiffs are not entitled to liquidated damages.

Dated: 10/29/13          _____
                                    Jesus G. Bernal
                            United States District Judge

11